(No. 80-CC-095)

VALERIE DANIELS, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed December 14, 1984.*

RICHMAN & EVINS, for Claimant.

NEIL F. HARTIGAN, Attorney General (FRANCIS DONOVAN, Assistant Attorney General, of counsel), for Respondent.

ROE, C.J.

Claimant brought this claim seeking to recover for personal injuries and property damage arising out of an automobile accident which occurred during the winter of 1979. The case proceeded to hearing, briefs were filed, and the commissioner has filed his report with the Court. The case is now before us for decision.

The Claimant testified that on the date of the occurrence, January 3, 1979, she left her home in Justice, Illinois, at approximately 7:00 a.m. She entered the Stevenson Expressway at LaGrange Road and proceeded in an easterly direction. Despite the fact that there had been a heavy snowfall some three days prior

to the date of the accident, the expressway was generally clear. She testified that traffic was light and that she was proceeding at a speed of approximately 35 m.p.h. as she approached the area of the Damen Avenue exit ramp. At that time she was driving in the lefthand lane of traffic when she encountered chunks of ice on the roadway which caused her car to skid to the right, crossing through all lanes of traffic and onto and over the guardrail on the righthand side of the roadway. Her car dropped to the pavement below, a distance of approximately 20 or 30 feet. The police were called to the scene and Claimant was taken by ambulance to Mercy Hospital. She remained at Mercy Hospital for six days during which time tests were performed and she was treated for headaches. She was treated by Doctors Voris and Parameswar during her stay at the hospital and after her release. She last saw these doctors in February 1979, and she received no further medical attention until September 1980, at which time she saw a Dr. Brahem because she was having pain in both knees. She had never experienced this type of pain prior to the accident.

The Claimant testified that she still has problems with her knee which aches when the weather changes or when she is required to stand up for an extended period of time. The only treatment she is taking at the present time is exercise of the legs and use of aspirin.

The Claimant testified the Mercy Hospital bill of $1,707.25 was paid by her insurance company with the exception of a charge to her of $8.50. In addition, she had medical expenses of approximately $650, all of which were paid by her private insurance. She further stated that at the time of the accident, she was employed by the Social Security Administration; that she returned

to work in February 1979, and that she was paid her normal wages by use of "accumulated sick leave." The Claimant also testified that her car was a total loss and that she paid the sum of $250 as deductible collision insurance.

Mr. Chlebicki testified that he was the supervisor of the Stevenson Expressway and that the normal procedure following a heavy snowfall is to clean up the expressway until it is "Code 1," which means that the main lanes and the shoulders are free of snow and ice. He testified that in excess of 10 inches of snow fell on December 31, 1978; that the winds were high and gusting and that clean up of the expressway was hindered by the wind and severe cold.

Mr. Chlebicki testified that the elevation of the expressway in the vicinity of the accident made it difficult to clear. The difficulty occurs because the wind produces cooling effects on both sides of the roadway and the elevation of the structure prevents the Department of Transportation from dumping great loads of snow on the trucking company below it. Mr. Chlebicki brought with him certain records of the Department of Transportation relating to cleanup operation on the Stevenson Expressway during the period from December 31, 1978, through January 3, 1979. The records fail to indicate that any work was done by the Department at or near the scene of the accident following the snowfall and prior to the time of the occurrence.

Based upon the testimony of the witnesses and the documents offered in evidence, we find that the Claimant was proceeding with due care and caution for her own safety and that the Respondent was negligent in

failing to properly clear the Stevenson Expressway at or near the Damen overpass.

Based upon the pain and suffering which the Claimant was caused by the occurrence and considering the fact that she had little or no out-of-pocket expense, we hereby award her the sum of $5,000.00.